IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent.                     No. 2:08-cr-0212 LKK EFB P

    vs.

MICHAEL R. EPPS, JR.,

    Movant.                         <u>FINDINGS & RECOMMENDATIONS</u>

_____/

    Movant is a federal prisoner proceeding pro se with a motion for a writ of error coram nobis pursuant to 28 U.S.C. § 1651.[1] Respondent has filed a motion to dismiss, claiming that movant waived his right to bring this motion. Dckt. No. 459. For the following reasons, respondent's motion to dismiss must be granted.

**I.    Background**

    Movant was charged with conspiracy to distribute and to possess with the intent to distribute methamphetamine. He was also charged with two counts of use of a telephone to facilitate a drug traffic offense. Indictment, Dckt. No. 37 (Counts 1, 10, 11). On September 30, 2008, movant pled guilty to two counts, each charging use of a telephone to facilitate the charged

---

[1] This motion was assigned, for statistical purposes, the following civil case number: No. CIV S-10-0327 LKK EFB.

1

conspiracy, in exchange for the government dismissing the remaining counts in the indictment.[2] Dckt. No. 178. On March 3, 2009, the assigned district judge sentenced movant to 96 months imprisonment. Dckt. No. 261.

Movant's plea agreement contained a clause in which he specifically waived his right to collaterally attack his sentence: "Regardless of the sentence he receives, the defendant also gives up any right he may have to bring a post-appeal attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence." Dckt. No. 178 at 6.

**II.     Discussion**

Respondent seeks dismissal of movant's petition for writ of error coram nobis on the ground that movant waived his right to collaterally challenge his conviction and sentence. Respondent contends that the petition for writ of error should properly be characterized as a motion to set aside, vacate or correct movant's sentence pursuant to 28 U.S.C. § 2255 and that a writ of coram nobis is only available when a usual remedy is not. Dckt. No. 459 at 2. According to respondent, the fact that movant may not seek relief under § 2255 does not permit him to circumvent his waiver and collaterally attack his conviction and sentence by way of coram nobis. *Id*.

Whether movant's pleading should be characterized as a petition for writ of error coram nobis or a § 2255 motion, he has waived his right to collaterally attack his conviction under both avenues. The language of the plea agreement states that movant "gives up *any* right he may have to bring a post-appeal attack on his conviction or his sentence." Dckt. No. 178 at 6 (emphasis added). The word "any" is sufficient to include a writ of error coram nobis, as a petition for coram nobis is simply one way to collaterally attack a sentence. The fact that the next sentence in the plea agreement states that movant is specifically precluded from attacking his sentence

---

[2] Movant pled guilty to Count 10 in the Indictment and Count 1 in the Superseding Information. Dckt. Nos. 37, 177.

2

under 28 U.S.C. § 2255 and § 2241 does not change this conclusion. The subsequent sentence simply identifies the two most common avenues federal prisoners utilize when collaterally attacking their convictions and states that movant has specifically waived his right to pursue recourse under either statute. It in no way changes movant's general waiver of his right to seek "any" collateral review.[3]

Regardless of how movant's motion is characterized, he is precluded from challenging his sentence as long as his waiver was knowingly and voluntarily made. *See United States v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1990) (holding that a knowing and voluntary waiver of appeal rights in a negotiated plea agreement is enforceable in federal court); *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009) ("A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made"); *United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir. 1993) (upholding waiver of right to collateral review).

The undersigned finds that movant waived his right to collaterally challenge his conviction and sentence. The language of the plea agreement clearly recites the waiver. Furthermore, movant does not allege that his waiver of his right to challenge his conviction was not knowingly or voluntarily made. Accordingly, movant is precluded from collaterally challenging his conviction and sentence through his motion.

Movant claims, however, that the court may reduce his sentence notwithstanding his waiver because the United States Supreme Court decriminalized the conduct to which he pled guilty in *Abuelhawa v. United States*, 556 U.S. 816 (2009). Dckt. No. 497 at 1. In *Abuelhawa*,

---

[3] Without citation to authority, movant claims that while he has waived his right to pursue habeas relief under 28 U.S.C. §§ 2255 and 2241, coram nobis remains available because it "is not collateral but a continuance in criminal proceeding." Dckt. No. 398 at 5. Contrary to movant's unsupported assertion, a writ of error coram nobis is a means of collaterally attacking a conviction or sentence. *See Wall v. Kholi*, ___ U.S. ___, 131 S.Ct 1278, 1284-85 (2011) (observing that coram nobis has been described as a collateral attack and that Supreme Court precedent has "distinguished between the process of direct appeal and 'a number of collateral remedies,' including Federal Rule 35 motions, § 2255 motions, and coram nobis.").

3

the Supreme Court held that the defendant's drug purchases for personal use, a misdemeanor under 21 U.S.C. § 844, was insufficient to support a felony conviction under section 843(b). *Id*. at 821-824. The Court reasoned that "Congress meant to treat purchasing drugs for personal use more leniently than the felony of distributing drugs, and to narrow the scope of the communications provision to cover only those who facilitate a drug felony." *Id*. at 822. Thus, for an individual to be convicted under 843(b), he must have committed a "felony for which he may be convicted." *United States v. Acosta-Gallardo*, 656 F.3d 1109, 1121 (10th Cir. 2001).

Here, movant's guilty plea was not predicated on a purchase of drugs for personal use. The first count he pled guilty to was for using a telephone on April 3, 2008, to facilitate a "conspiracy to possess with intent to distribute methamphetamine . . . in violation of Title 21, United States Code, Sections 841(a)(1) and 846, all in violating of . . . Section 843(b). As for the second count, movant pled guilty to using a telephone on April 19, 2008, "to facilitate a conspiracy to distribute and possess with intent to distribute methamphetamine . . . in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 843(b)." The two counts were based on movant making two separate telephone calls, "each telephone call facilitat[ing] the conspiracy to distribute and possess with intent to distribute at least 50 grams of methamphetamine (actual)." Dckt. No. 178 at 10.

According to movant, he "is guilty of accepting the calls and . . . guilty of discussing the purchase of methamphetamine. He is also guilty of entering into the plea agreement, and . . . being involved in the conspiracy, but . . . [his] conduct does not reach the conduct needed to constitute a felony crime to which he plead [*sic*]." Dckt. No. 398 at 10-11. Movant is mistaken. Each call facilitated the conspiracy to distribute and possess with intent to distribute *at least 50 grams* of methamphetamine. Dckt. No. 178 at 10. Under 21 U.S.C. § 841(a) and (b), distribution or possession with intent to distribute 50 grams or more of methamphetamine is punishable by no less than 10 years in prison. Because the underlying conduct resulting in movant's conviction under 21 U.S.C. § 843(b) was punishable as a felony, the Supreme Court's

4

decision in *Abuelhawa* does not provide movant any relief.

**III.    Conclusion**

Movant knowingly and voluntarily waived his right to collaterally challenge his conviction and sentence. Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss, Dckt, No. 459, be granted; and

2. The Clerk of the Court be directed to close the companion civil case No. 10-cv-0327 LKK EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: January 16, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE